# Snyder *v.* Zane.

*Mechanic's lien—Agreement between intending purchaser and contractor —Subcontractor's right of lien.*

A contract was made between an intending purchaser and a contractor for the construction of certain houses which contained a provision against liens. The contractor accepted a bid of one Sauer to do carpentry work. The original contract was not filed within ten days in the prothonotary's office. The title having been perfected, the date of the contract was changed and the interlineation noted and the contract duly filed under the act of 1895, without notice to Sauer, the subcontractor. *Held*, in distribution of the fund arising from a sale under a purchase money mortgage, that Sauer had no standing as a lien creditor because under the first contract the contractor himself, irrespective of the clause against liens and failure to file within ten days, had no right of lien because at the time of the first execution title was not vested in the intending purchaser.

Argued Oct. 10, 1900. Appeal, No. 120, Oct. T., 1900, by Charles Hunsicker, administrator of the estate of Frank Sauer, deceased, in suit of W. Frederick Snyder, assignee of John Meighan, against Frank S. Zane, from decree of C. P. No. 1, Phila. Co., March T., 1899, No. 753, dismissing exceptions to auditor's report. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion of W. W. PORTER, J.

Exceptions to report of the auditor appointed to distribute

the fund arising from a sheriff's sale under a purchase money mortgage.   Before BIDDLE, P. J.

ESSENTIAL FACTS STATED BY THE SUPERIOR COURT.

The controversy in this case arises upon the distribution by an auditor of a fund produced by a sale of certain real estate by the sheriff.   The sale was had upon an advance money mortgage.   Under the act of June 8, 1881, the value of the land is distributable to the mortgagee.   The overplus of the fund is claimed to be applicable, in part, to the payment of what is asserted to be a valid mechanic's lien for work done on the houses erected.   We have not been supplied with the notes of testimony.   From the findings of the auditor, confirmed by the court below, and the uncontradicted statements of the paper-books, the following facts appear :  One, Zane, was desirous of entering upon a building operation in the city of Philadelphia, and interested one, Meighan, in the enterprise.   Meighan agreed to advance money for the construction of sixty-four houses.   Thereupon, Zane, on January 17, 1898, before he had any title to the land, entered into a contract with one, Applegate, to do the carpentry work on the houses.   In this contract a stipulation was inserted forbidding the filing of mechanics' liens.   Applegate executed, on January 21, 1898, a paper with Frank Sauer.   This is called an agreement.   It is rather, in terms, a bid.   By it Sauer agreed with Applegate to do the carpentry work on sixty-four houses for $40.00 per house.   The location of the houses is not named, no particular houses are indicated and no time for beginning or completing the work is fixed.   Thus, at the time Applegate executed his contract with Zane and at the time he took the bid of Sauer, Zane had no title to the land.   Applegate could acquire no right of lien because of the absence of title in Zane. Sauer could acquire no right of lien because the source of such right must have been in the contract of Applegate with Zane, who did not own the land.   This first contract between Zane and Applegate was not filed in the prothonotary's office within ten days after execution as required by the act of June 26, 1895. Finally, Zane took title to the land and, on April 26, 1898, a trust company was procured to issue their policy to the mortgagee for the completion and against liens.   Thereupon, it be-

came necessary to re-execute the contract between Zane and Applegate, so that it might be filed under the provisions of the act of 1895, and operate to bar the filing of liens against the property. Instead of rewriting the document, the re-execution was effected by simply changing the date in the original contract by interlineation and by a notation of the change at the bottom with the signatures of the contracting parties reaffixed. It is asserted that Sauer, who subsequently did the carpentry work upon the houses, was entitled to a lien and participation in the distribution of the fund.

The auditor disallowed the mechanic's claim and the following exceptions, among others to his ruling, were dismissed by the court below:

[1. The learned auditor erred in deciding that although the contract between T. S. Applegate, Sauer's principal contractor, and Frank Zane, owner, was dated January 17, 1898, and was not recorded within ten days there after as required by the Act of June 26, 1895, P. L. 369, and although Applegate's contract with Sauer was dated January 21, 1898, Applegate and Zane could alter their contract by striking out the original date and inserting April 18, 1898, without notice to Sauer, and then file and record said contract as of the new date and thus deprive Sauer of his right to a mechanic's lien.] [4]

[2. The learned auditor erred in deciding that although the contest before him was between exceptant and an advance money mortgage creditor, the Act of June 8, 1881, P. L. 56, did not apply.] [5]

[4. The learned auditor erred in deciding that the words "all mechanics' liens" in the act of June 8, 1881, meant only such mechanics' liens as might be filed or maintained under the act of June 26, 1895.] [7]

The lien creditor appealed.

*Errors assigned* among others were (2) in confirming the auditor's report, disallowing appellant's claim. (3) In not awarding to appellant $502.92, being the amount of his claim of $495.56, besides interest thereon from March 18, 1899, to June 5, 1899. (4, 5, 7) In dismissing exceptions to auditor's report, reciting same.

*Jos. W. Hunsicker*, with him *Geo. T. Hunsicker*, for appel-

lant.—The Act of June 26, 1895, P. L. 369, is clear, and a careful reading thereof shows that altering the date of the contract by Applegate and Zane, without notice to Sauer, for the purpose of making it effective against Sauer, is a fraud, constructive and legal.

The only purpose of the alteration of date was to defeat Sauer's right to lien. There could be no other: Ballman v. Heron, 169 Pa. 510.

A subcontractor, unless notice thereof to him be shown, is not bound by the provisions of a supplemental contract between the original contractor and the owner, entered into after his employment. He must be presumed to know the terms of the original contract between the owner and the principal contractor, but it is not his duty to inquire during the progress of the work whether or not a supplemental agreement has been made: STERRETT, J., Cook v. Murphy, 150 Pa. 41.

*David Jay Myers*, with him *Alex. Simpson, Jr.*, for appellee. —The Supreme Court will not, except for clear error, reverse an auditor's finding of fact which has been approved by the court below: Donaldson's Est., 158 Pa. 292; Prouty v. Prouty, 155 Pa. 112.

OPINION BY WILLIAM W. PORTER, J., November 19, 1900 (after stating the facts as found in the statement of facts) :

The first ground upon which this claim is based is, that the parties to the original contract, containing the stipulation against liens, could not change its date (so as to permit a filing with the prothonotary) without notice to Sauer. It has been seen that when Sauer gave his bid or made his agreement to do the work on sixty-four houses for $40.00 a piece, Zane had no title to the land. In the contract made with Applegate there was contained a clause prohibiting the filing of liens. It is claimed that as the contract was not filed within ten days from the original execution, the clause against liens became inoperative. Assuming that it did, Sauer had no right of lien by virtue of the contract between Zane and Applegate, because Zane had no title to the land. This seems to be a complete answer to the plaintiff's claim. The re-execution of the contract between Zane and Applegate, after the acqui-

sition of title by Zane, while not done by the best method, was effective and not fraudulent. By the terms of the re-executed contract no liens could be filed, and this contract was filed in the prothonotary's office within ten days after execution. Sauer, then, had no right of lien by virtue of the contract made by Zane before acquisition of title. When the contract was executed after acquisition of title, the right of lien was forbidden, and the legal method of enforcing the prohibition was carried out.

A word additional is required to dispose of the second point of contention. The distribution in the court below was under the act of 1881, which provides, that in a foreclosure upon an advance purchase money mortgage, the mortgagee shall first be paid only to the extent of the value of the ground, and that the balance shall be subject to the payment of mechanics' liens. In this distribution, therefore, unless the Sauer claim is founded upon a valid mechanic's lien, he cannot be a participant in the distribution. We have seen that it is not so founded. We are not prepared to commend the methods pursued by the parties in carrying out their intentions in this connection. Too much informality appears throughout the transaction, but a scrutiny of it leads us to confirm the finding of the auditor and the court below in the rejection of the claim of Sauer.

The decree as to the claim is, therefore, affirmed.